IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL GATTO | ) | No. 2:23-CV-1607-WSS |
| | ) | Honorable William S. Stickman IV |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| JOHNSON & JOHNSON SERVICES, INC. | ) | **AMENDED CIVIL COMPLAINT** |
| 1 Johnson & Johnson Plaza | ) | |
| New Brunswick, NJ 08933 | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

## **AMENDED CIVIL COMPLAINT**

Plaintiff, Jill Gatto, by undersigned counsel brings this action seeking legal and equitable relief and in support alleges the following:

## **JURISDICTION**

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(t)(l); 42 U.S.C. §1981A and 28 U.S.C. §1331.

2. Plaintiff has satisfied all administrative prerequisites to suit under Title VII because:

   a. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

   b. The EEOC issued a Notice of Right to Sue.

   c. This Complaint is filed within 90 days of receipt of that notice.

   d. Plaintiff dual filed with the PHRC.

## **INTRODUCTION**

Employers and their lawyers are scrambling because of admissions made by

1

employers during the process of granting or denying religious exemptions from the Covid 19 vaccine mandates. Employers trampled upon anti-discrimination statues like Title VII and now seek to erase what they admitted during the exemption process: That employees like Plaintiff Jill Gatto, had a sincerely held religious belief against the vaccine and nasal testing. Defendant in this case, after reviewing Jill's submission, had to have "in person" meetings with H/R personnel who asked follow up questions to confirm her sincerely held religious beliefs. Being satisfied that any objective reservations had been satisfied, Defendant granted Plaintiff's religious exemption to the covid 19 vaccine, then revoked her exemption when Plaintiff requested a religious exemption from the nasal testing. Defendant violated its own policy which contemplated reasonable accommodations from both the vaccine and testing when it failed to discuss enhanced PPE or respirators, changes to work schedules, job tasks and/or work environment. Rather than follow its own policy, Defendant fired Plaintiff providing no justification of her termination after revoking her religious exemption.

## THE PARTIES

3. Jill Gatto worked for Defendant as Executive Cardiovascular Sales Specialist. She began her employment with Defendant on February 1, 2016 and was fired on October 29, 2021. Plaintiff had an outstanding employment record receiving rave employment reviews and was being groomed for promotion, meeting or exceeding all expectations of Defendant.

4. Defendant, Johnson & Johnson Services, Inc. has a business address of 1 Johnson & Johnson Plaza, New Brunswick, NJ 08933. Defendant regularly conducts business in Pennsylvania. At all times relevant hereto, it was Gatto's employer and was an Employer, within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).

## FACTUAL BACKGROUND

5.  Ms. Gatto is a life-long devout member of the Christian faith. She has been active in her local church for many years. Plaintiff's religious beliefs were vetted by Defendant's H/R representative, Vickie Howard, and were deemed sufficient for a religious exemption to the mandate, but apparently nothing else.

6.  In response to the Covid-19 vaccine mandate, Plaintiff submitted a religious exemption. In her exemption request, she informed Defendant that she believes that her body is a holy temple of the Holy Spirit and that being vaccinated would entail going against her convictions and the commands of God. Plaintiff provided multiple reasons outlining why the vaccine and nasal testing violated her sincerely held religious beliefs. Plaintiff submitted her accommodation request on August 11, 2021 prior to the Defendant's deadline. Plaintiff was also extensively interviewed regarding the sincerity of her religious beliefs on August 17, 2021 and August 19, 2021 by Vickie Howard from Defendant's H/R Department. The letter submitted by Plaintiff for her religious exemption is attached hereto **Exhibit "1"**. In addition to this letter, Defendant interviewed her twice before accepting her religious exemption.

7.  Defendant is now seeking to challenge the sincerity of Plaintiff's religious beliefs as to her exemption request from testing. Plaintiff's sincerely held religious beliefs were accepted as to the vaccine but not to invasive nasal testing. How one's sincerely held beliefs are accepted, then revoked is a mystery, especially given Plaintiff was never provided a reason for the revocation of her exemption.

8.  On August 25, 2021, Plaintiff was notified her religious exception was granted and that she would be required to mask and submit to daily nasal testing. Plaintiff applied for a

religious exemption from nasal testing as it conflicted with her sincerely held religious beliefs not to inject foreign substances into her body. A copy of her letter requesting an exemption from nasal testing is attached hereto as Plaintiff's **Exhibit "2"**. On October 4, 2021 Plaintiff was placed on unpaid leave and terminated on October 29, 2021. On September 27, 2021, Plaintiff was notified that her exemption from nasal testing was denied and her religious exemption was revoked.

9. Plaintiff tried to explain her religious beliefs and why the nasal testing violated her faith at her first H/R meeting with Vickie Howard on August 17, 2021, but Ms. Howard refused to listen, stating she does not understand anything "medical." Ms. Howard then directed Plaintiff to Cindy at Occupational Health who never returned Plaintiff's call. Defendant's own testing exemption form also stated that if Defendant lacked information on her testing exemption, Defendant would get back to Plaintiff, which never occurred. Plaintiff was just fired. The Declaration of Plaintiff is attached hereto as **Exhibit "3"**.

10. If Defendant took the time to listen, or care for that matter, Plaintiff would have explained that according to the global religious concept of the Bible: "You shall have no other gods before me. You shall not make for yourself a carved image – any likened of anything that is in Heaven above, or that is in the earth beneath, or that is in the water under the earth, you shall not bow down to them nor serve them. For I , the Lord your God, am a jealous God visiting the iniquity of the fathers upon the children to the third an fourth generations of those who hate me but showing mercy to thousands, to those who love Me and my Commandments. The science of modifying genetics which is God's intentional divine design, is attempting to put man in the place of God, modifying God's human blueprint, which violated the first two Commandments. Putting foreign substances directly into a mucus membrane is a direct route to the bloodstream, which God

states (blood) throughout the Bible represents life. For that reason, the Bible prohibits drinking blood. In addition, God sent the great flood in Genesis partly because man was contaminating genetics by procreating with fallen angels. God prohibits changing genetics throughout the Bible whether it be with fallen angels, animals or any other method.

11. At no time did Defendant ever engage in any meaningful interactive process with Plaintiff to determine whether there existed any reasonable accommodations for her sincerely held religious beliefs. It is believed and therefore averred that the Defendant never had any intention of granting Plaintiff's religious exemption. Rather, the Defendant's intention was to deny all or as many exemptions relating to nasal testing requirement even though their policy allowed for testing exemptions.

12. Ms. Gatto also has a sincerely held religious belief that every child's life is sacred because they are made in the image of God. *See Genesis* 1:26-27 (NABRE).

13. It is believed and therefore averred that Defendant had supplied Plaintiff with reasonable accommodations in the form of personal protection equipment, social distancing and/or sanitizing throughout the pandemic. These reasonable accommodations suddenly became an undue hardship when the vaccine mandate was put into place on October 4, 2021.

14. Plaintiff was put on unpaid leave on October 4, 2021 and employment terminated on October 29, 2021. On that day, Defendant informed Plaintiff that she was immediately terminated. Her termination was solely due to her unvaccinated status. Defendant perceived Plaintiff as disabled due to her unvaccinated status. It is believed and therefore averred that Plaintiff was retaliated against for having a religious exemption request to nasal testing which conflicted with Defendant's policy comply or get fired.

15. Plaintiff offered to continue to use the reasonable accommodations listed above in lieu of getting the Covid 19 vaccine. Defendant ignored her requests and she was terminated.

16. Defendant never challenged the sincerity or validity of Plaintiff's sincerely held religious beliefs. At no time did the Defendant engage in the interactive process to question her beliefs against the vaccine or nasal testing. Rather, Defendant simply admitted by silence or acquiesced that Plaintiffs belief were sincerely held. Defendant has waived the right to challenge the sincerity or validity of Plaintiff's religiously held belief against the vaccination or nasal testing. Plaintiff was never given a reason why her religious exemption request was denied regarding nasal testing or why her original exemption was revoked.

17. It is believed and therefore averred, that Defendant engaged in a policy of a blanket denial of all requests for religious exemptions and instead claiming undue hardship as Defendant's goal was to seek 100% vaccination of all its employees and to purge its payroll of the unvaccinated.

18. Ms. Gatto had a sincerely held religious belief that her body is a temple of the Holy Spirit, and that to inject medical products that were not created by God himself is unholy and disrespectful to his temple. Plaintiff voiced her religious beliefs against vaccinations and nasal testing, her beliefs were vetted and her religious exemption to the vaccine was granted.

19. Ms. Gatto consented to all accommodations in Defendant's policy except vaccination and testing to be approved as a reasonable accommodation because of strongly held religious beliefs precluding the imposition of the vaccines or injecting foreign substances into her body. Defendant's policy at the time contemplated exemptions to both the vaccine and testing and contemplated other reasonable accommodations, none of which were offered to

Plaintiff.

20. The aforesaid accommodations were reasonable because, *inter alia,* the OSHA rules regarding workplace vaccine mandates provided those precise accommodations for employees whose sincerely held religious beliefs precluding imposition of Covid-19 vaccination. *See* 29 C.F.R. §§1910.501(g);and 1910.501(1)(1) *See also* 86 Fed. Reg. No. 212 at 61552-53 (Nov. 5, 2021)(noting wearing face covering is acceptable accommodation as matter of law).

21. Despite Ms. Gatto's request for accommodation of her sincerely held religious belief, Defendant refused to accommodate Ms. Gatto.

22. Defendant failed to engage in any meaningful interactive process with Plaintiff.

23. Defendant did not offer an alternative accommodation to Ms. Gatto's requests other than discharge.

24. Defendant simply fired Ms. Gatto without explanation as to why her exemption to nasal testing was denied and further fired her without reason or justification. It is believed and therefore averred that Defendant retaliated against Plaintiff by revoking her entire exemption request when she sought a religious exemption from nasal testing.

25. When Defendant instituted the vaccine mandate, all versions of the available vaccine to Plaintiff were not fully approved by the FDA, but were issued under EUA status, which means Plaintiff had the right to accept or reject the vaccine without consequence. Defendant's mandate violated federal law. At no time did Defendant explain the risks and benefits of the vaccine to Plaintiff to allow her to make an informed choice.

## COUNT I

### TITLE VII DISCRIMINATION AND RETALIATION

26. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

27. Defendant fired Ms. Gatto because of her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-(j), and 2000e-2(a)(l).

28. Plaintiff was a member of a protected class, that being a Christian.

29. Defendant failed and refused to reasonably accommodate Ms. Gatto's religious observances and/or practices, in violation of Title VII.

30. As a direct result of Defendant's violation of Title VII, Ms. Gatto's has lost wages and other economic benefits of her employment with Defendant, in addition to suffering emotional distress, depression, inconvenience and humiliation.

31. Defendant's policy of denying all exemptions and instead forcing its will upon Defendant to get the vaccine against her religious beliefs constitute outrageous conduct subjecting Defendant to punitive damages.

**WHEREFORE**, Ms. Gatto requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b. That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, experience, training opportunities and other benefits;

d.     That the Court award Plaintiff compensatory and punitive damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

e.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

f.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.     That the Court grants Ms. Gatto additional relief as may be just and proper.

## COUNT II

## RELIGIOUS DISCRIMINATION AND RETALIATION
## PURSUANT TO PHRA

32.     The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

33.     Plaintiff is a member of a protected class pursuant to the PHRA, in that she had sincerely held religious beliefs that were ignored by Defendant.

34.     At all times relevant hereto, Plaintiff satisfactorily performed all of her job duties.

35.     Defendant terminated Plaintiff because of her religious beliefs when it failed to accommodate her sincerely-held religious beliefs against nasal testing resulting in the damages as set forth more fully hereinabove.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in her favor and direct Defendant to:

(a)     Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, reinstatement and any and all other pecuniary damages

for violation of their rights and for the injuries they has suffered as a result of Defendant's conduct;

(b)     Award Plaintiff pre-judgment and post-judgment interest;

(c)     Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

(d)     Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 43 P.S. §951 *et seq.*

Respectfully submitted,
The Welsh Law Group, LLC

_____
James L. Welsh, III
PA I.D. #58790
Counsel for Plaintiff

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.
Submitted by: Plaintiff
_____
James L. Welsh, III, Esquire
Attorney I.D. #58790III, Esquire